## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | Criminal No. 06-CR-173(MJD/SRN) |
| **Plaintiff,** | |
| v. | **REPORT & RECOMMENDATION** |
| **Malik Al Mustafa El-Alamin,** | |
| **Defendant**. | |

LeeAnn K. Bell, Esq., on behalf of Plaintiff

Paul Applebaum,  Esq., on behalf of Defendant

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter comes before the undersigned United States Magistrate Judge on Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. Nos. 16 & 26).

This matter is set to be tried before the Honorable Michael J. Davis, United States District Court Judge for the District of Minnesota, on September 11, 2006.[1]  This case has been referred to

---

[1] The Court granted Defendant's request to file supplemental briefing, with the understanding that Defendant would contact Judge Davis's chambers to schedule a new trial date.  Defendant did not file supplemental briefing and the docket does not reflect any change in the September 11, 2006 trial date.  The Government filed a supplemental response (Doc. No. 34), reiterating the arguments in its initial response.

1

the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I.   BACKGROUND

An Indictment was filed on June 13, 2006, charging Defendant with one count of possession with intent to distribute cocaine base, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Indictment, Doc. No. 11.)

No witnesses testified at the criminal motions hearing.  At the hearing, the Court received in evidence Government Exhibit 1, a search warrant and related documents regarding the search of a residence at 30th Avenue North in Minneapolis and of Defendant's person.

## II.   FACTS

On April 17, 2006, Officer Kurt Radke of the Minneapolis Police Department applied for a search warrant for a residence on 30th Avenue North in Minneapolis and for Defendant's person. (Govt. Ex. 1.)  Officer Radke's duties included investigating narcotics crimes.  Id.

The search warrant affidavit stated that within the previous month, Officer Radke received information from a Confidential Reliable Informant (CRI), about a drug operation in the Twin Cities. Id.  The CRI stated that a man known as Malik El-Alamin was selling cocaine in Minneapolis. Investigators found that this person's full name was Malik Al-Mustafa El-Alamin and that he lived at a residence on 30th Avenue North in Minneapolis.  Investigators obtained a photograph of him.  The CRI positively identified El-Alamin as the person he knew as Malik El-Alamin and he also provided a phone number that El-Alamin used in his drug business.  The CRI indicated that he had purchased cocaine inside the 30th Avenue North residence in the past. Id.

Using the CRI, Officer Radke arranged for a controlled drug purchase from El-Alamin. This controlled buy occurred within 72 hours of the application for the search warrant. Id. The CRI called Defendant, El-Alamin, on the phone number provided and arranged to meet him for the purchase of cocaine. Prior to and following his meeting with Defendant, the CRI was searched for contraband and none was found. Id. The CRI went to the arranged meeting spot where he was met by Defendant. The CRI purchased suspected cocaine in exchange for pre-recorded funds. Surveillance followed Defendant back to his residence, where he used a key to enter the back door. The purchased cocaine tested positive for cocaine base. Id.

The search warrant affidavit also stated that Defendant had an extensive criminal history, including narcotics and weapons arrests. He had multiple arrests in Minneapolis, including obstructing police. Id.

Based on that information, Officer Radke believed that Defendant was actively selling cocaine from his residence on 30th Avenue North in Minneapolis. He believed that the following items would be found on the property to be searched and/or on Defendant's person: controlled substances, drug paraphernalia, money and property obtained from sales of controlled substances, radio and telecommunication devices and firearms and other weapons. Id.

The search warrant was signed by a Hennepin County judge on April 17, 2004 and the warrant was executed that day. The warrant inventory shows that officers retrieved several items, including suspected crack cocaine, marijuana and a loaded gun. Id.

**III.   DISCUSSION**

Defendant argues that there was insufficient probable cause for the issuance of the search

warrant, in violation of his rights under the Fourth Amendment, and that any evidence seized pursuant to that search should be suppressed. The Government argues that the affidavit was sufficient to support a finding of probable cause, particularly since the search warrant authorized a search of both Defendant's residence and person based on a controlled purchase of crack cocaine within 72 hours of the warrant application.

The Court turns to the inquiry of whether the "four corners" of the warrant affidavit supplied a substantial basis for concluding evidence of wrongdoing would be found in the place to be searched. Specifically, the search warrant application sought authority to seize evidence related to narcotics dealing, including controlled substances and firearms. (Search Warrant App. and Aff., Govt. Ex. 1.)

"It is well-established that courts may *not* look to facts outside the affidavit in determining the existence of probable cause," United States v. Martin, 833 F.2d 752, 757 (8th Cir. 1987) (Lay, C.J., concurring), cert. denied, 494 U.S. 1070 (1990); rather, "'only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause.'" United States v. Etheridge, 165 F.3d 655, 656 (8th Cir. 1999). Therefore, while Defendant disputes certain facts within the affidavit, that argument has no bearing on this Court's review of the existence of probable cause, as the Court focuses solely on the four corners of the affidavit.

"Probable cause exists if, based upon a common-sense consideration of all the circumstances set forth in the supporting affidavit, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Curry, 911 F.2d 72, 75 (8th Cir. 1990) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). "The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the

specific 'things' to be searched for and seized are located on the property to which entry is sought." Zurcher v. Stanford Daily, 436 U.S. 547, 556 (1978).

Importantly, "[f]inely-tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the magistrate's decision" whether a showing of probable cause has been met. Illinois v. Gates, 462 U.S. 213, 235 (1983). Rather, "'in dealing with probable cause, . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" Id. at 231 (citations omitted).

"[T]he preference for warrants is most appropriately effectuated by according 'great deference' to a magistrate's determination" as to the existence of probable cause. United States v. Leon, 468 U.S. 897, 914 (1984); accord Gates, 462 U.S. at 236-37. In this regard, this Court does not make a de novo review of the sufficiency of the affidavit. Gates, 462 U.S. at 236; accord United States v. Reivich, 793 F.2d 957, 959 (8th Cir. 1986) ("[A] district court should not make a de novo determination of probable cause . . . ."). Rather, "the decision to issue the warrant is to be upheld if supported by substantial evidence in the record," Reivich, 793 F.2d at 959, or, in other words, "so long as the [issuing Judge] had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing." Gates, 462 U.S. at 236. Moreover, a court "may properly rely on normal inferences drawn by the surrounding circumstances and the allegations of facts contained in the affidavit." United States v. Carlson, 697 F.2d 231, 238 (8th Cir. 1983).

"[W]hen an affidavit is based in substantial part on information from an informant, the informant's reliability, veracity, and basis of knowledge are relevant considerations–but not

5

independent, essential elements–in finding probable cause." Reivich, 793 F.2d at 959 (citing Gates, 462 U.S. at 230); accord, e.g., United States v. LaMorie, 100 F.3d 547, 553 (8th Cir. 1996). The information from a CRI is sufficiently reliable if it is corroborated by other evidence, or if the informant has a history of providing reliable information. United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993). In the end, these considerations "should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question" of whether in the totality of the circumstances the issuing Judge had a substantial basis for concluding that probable cause existed. Gates, 462 U.S. at 230, 236.

In addition, when a suspect is present for an illegal drug transaction, this fact will support probable cause that the suspect is engaged in a conspiracy to sell illegal drugs. See United States v. Mendoza, (suspect slowly drove by site of drug transaction); United States v. Segars, 31 F.3d 655, 659 (8th Cir. 1994) (suspect arrived when drug courier was expected to arrive), cert. denied, 513 U.S. 1099 (1995). An informant's tip, in conjunction with a controlled buy or other indication of illegal activity, may provide a "substantial basis" for finding probable cause. See United States v. Oropesa, 316 F.3d 762, 768-69 (8th Cir. 2003) (probable cause found where informant revealed that defendant had sold him drugs and police taped conversations of informant attempting to arrange a drug buy from the defendant).

The Court finds that the warrant application here contained ample probable cause for the issuance of the warrant. The evidence contained in the affidavit provided sufficient reason to believe that there was a fair probability that contraband or evidence of a crime would be found at Defendant's residence or on his person. The CRI provided information that was verified by investigators. He

6

identified Defendant. Most importantly, officers arranged a drug buy involving Defendant, who arrived at the designated time and place, and sold crack cocaine to the CRI. This controlled buy occurred within 72 hours of the warrant application.

"And, even if we thought the warrant affidavit did not establish probable cause, the good faith exception to the warrant requirement would apply because the affidavit was sufficient to allow an officer to reasonably believe probable cause existed." United States v. Johnson, 219 F3d 790, 791 (8th Cir. 2000) (citing Leon, 468 U.S. at 923). There is absolutely no indication that the issuing judge abandoned his judicial role, that Officer Radke knew of the falsity or was reckless with regard to the truth of anything in his affidavit, that the warrant was facially deficient, or that the warrant was so lacking in probable cause as to render official belief in it unreasonable. See generally Leon, 468 U.S. at 923 (explaining when the good faith exception does not apply); see also United States v. Gibson, 928 F.2d 250, 253-54 (8th Cir. 1991) (finding that the Leon good faith exception applied on a showing of probable cause much less than that exhibited here).

For all of the above reasons, the Court recommends that Defendant's motion to suppress be denied.

**THEREFORE, IT IS HEREBY RECOMMENDED that:**

1. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 16 & 26) be **DENIED.**

Dated: August 25, 2006.

                              <u>s/Susan Richard Nelson</u>
                              SUSAN RICHARD NELSON
                              United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by **September 9, 2006,** after being served with a copy thereof. The objecting party must file with the Clerk of the Court and serve on all parties, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.