**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **United States of America,** | Criminal No. 06-CR-173(MJD/SRN) |
| **Plaintiff,** | |
| v. | **REPORT & RECOMMENDATION** |
| **Malik Al Mustafa El-Alamin,** | |
| **Defendant**. | |

LeeAnn K. Bell, Esq., on behalf of Plaintiff

Paul Applebaum, Esq., on behalf of Defendant

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter comes before the undersigned United States Magistrate Judge on Defendant's Motion to Dismiss (Doc. No. 35).

This matter is set to be tried before the Honorable Michael J. Davis, United States District Court Judge for the District of Minnesota, on September 11, 2006. This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

I.   **BACKGROUND**

An Indictment was filed on June 13, 2006, charging Defendant with one count of possession with intent to distribute cocaine base, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B),

1

and with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Indictment, Doc. No. 11.)  Further factual information related to these charges and Defendant's arrest can be found in this Court's August 25, 2006 Report & Recommendation.  (Doc. No. 38.)

The Scheduling Order provided that criminal motions were due by July 7, 2006 and Defendant's jury trial was set for September 11, 2006.  Defendant timely filed his pretrial motions on July 5, 2006.  At the criminal motions hearing, held on August 11, 2006, the Court granted Defendant's request to file supplemental briefing, with the understanding that Defendant would contact Judge Davis's chambers to schedule a new trial date.  Defendant did not file supplemental briefing and the docket does not reflect any change in the September 11, 2006 trial date.  This Court ruled on Defendant's pretrial motions in its Report & Recommendation of August 25, 2006.  (Doc. No. 38).  That same day, Defendant filed a Motion to Dismiss (Doc. No. 35), which is the subject of this separate Report & Recommendation, and the Government filed a response (Doc. No. 40).

**II.   DISCUSSION**

Defendant's motion to dismiss, filed after the deadline for the filing of pretrial motions, after the criminal motions hearing and after this Court permitted Defendant to file supplemental briefing – which he did not file – is ill-timed, particularly as Defendant has yet to secure a new trial date, and his trial date is September 11, 2006.  Nevertheless, the Court will address Defendant's argument on the merits.

Defendant is charged in Count 2 of the Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  He seeks to dismiss the indictment and remand the case to state

2

court, arguing that federal jurisdiction under section 922(g) requires that his possession of the firearm be a "knowing" act of possession that "affected interstate commerce." Defendant contends that the gun that he allegedly possessed was legally shipped from the firearms manufacturer in Illinois to Bill's Gun Range in Robbinsdale, Minnesota and was then sold to a person named Jane Marie Rasmussen on or about January 1, 2006. Defendant thus argues that because he did not possess the gun when it was legally transported across state lines, this Court lacks jurisdiction.

To satisfy the jurisdictional requirement of section 922(g), a firearm must be possessed "in and affecting interstate commerce." A firearm possessed by a convicted felon only needs to have traveled at some time in interstate commerce – it does not need to travel with the defendant in interstate commerce. See United States v. Rankin, 64 F.3d 338, 339 (8th Cir. 1995), cert. denied, 516 U.S. 1015 (1995). In Rankin, the Eighth Circuit held that the fact that the firearm was manufactured in a state other than the one in which it was found was sufficient to meet the interstate nexus requirement. Id. at 339. Moreover, a defendant need not have any involvement in how the firearm traveled to the state in which it was recovered and ownership of the firearm is irrelevant to the issue of possession. See United States v. Sianis, 275 F.3d 731, 734 (8th Cir. 2002).

Applied to the facts of this case, the fact that the firearm in question did not travel in Defendant's possession is not material to this Court's jurisdiction, nor is it material that the firearm traveled from Illinois to Minnesota legally. Because the interstate nexus requirement is met, this Court has jurisdiction. The Court therefore recommends that Defendant's motion be denied.

**THEREFORE, IT IS HEREBY RECOMMENDED that:**

1. Defendant's Motion to Dismiss (Doc. No. 35) be **DENIED.**

Dated: September 5, 2006.

                                  s/Susan Richard Nelson
                                  SUSAN RICHARD NELSON
                                  United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by **September 11, 2006,** after being served with a copy thereof.  The objecting party must file with the Clerk of the Court and serve on all parties, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof.  A party may respond to the objecting party's brief within ten days after service thereof.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.