UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                       ORDER
                                        Crim. No. 06-173(1)(MJD/SRN)

Malik Al Mustafa El-Alamin,
     a/k/a Eric Britten,

    Defendant.

_____

This matter is before the Court upon Defendant's motion for miscellaneous relief. Defendant's counsel asks the Court to consider the following previously filed *pro se* motions [Doc. Nos. 83, 84, 86, 87 and 88].

    1.  Motion for Ineffective Assistance of Counsel [Docket No. 83]

By this motion, Defendant seeks the removal of his prior defense counsel. This motion has already been granted, and Defendant is represented by new counsel. This motion will be denied as moot.

    2.  Motion for a Suppression/Franks Hearing [Docket No. 84]

By this motion, the Defendant challenges the affidavit submitted in support of the application for search warrant of his residence. Defendant asserts that the affiant knowingly and intentionally made false statements, and that if such statements were set aside, probable cause would not exist for the warrant. The Defendant does not identify which statements are false in this filing.

1

>In <u>Franks v. Delaware</u>, the United States Supreme Court held that
>
>where a defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

<u>Id.</u> 438 U.S. 154, 155-156 (1978).

As noted above, the Defendant has not identified which statements contained in the search warrant affidavit are false. The government notes that in a previous motion, Docket 56, denied by this Court as untimely, Defendant identified three statements that he believes are false: 1) that the CRI had purchased cocaine from with Defendant's residence in the past; 2) that Defendant has multiple arrests including obstructing police; and 3) Defendant is a confirmed member of the Gangster Disciples.

As to the first statement, other than Defendant's self-serving argument, Defendant has provided the Court no evidence to suggest that the CRI had not purchased cocaine from within Defendant's residence in the past. In his previous motion, Defendant takes issue with the fact that affiant did not say that the CRI purchased cocaine from Defendant within his residence in the past. However, to establish probable cause for a search warrant of the residence, it was not necessary that the CRI purchased cocaine from the Defendant, only that cocaine was purchased from within the residence in the past. This argument is mooted

2

given the fact that the CRI, within 72 hours of the search warrant application, purchased cocaine from the Defendant during a controlled buy.

Defendant also takes issue with the statement that he had multiple arrests in Minneapolis, including an arrest for obstructing police.  In response, the Government has provided the Defendant's NCIC sheet which shows he was arrested in the past for giving the police a false name and for obstructing legal process, arrest or firefighting.  See Government's Ex. 3.  The Defendant has thus failed to demonstrate that the statement as to his prior arrest record was false.

Finally, the Defendant takes issue with the statement that he is a confirmed member of the Gangster Disciples.  The Defendant admitted in this previous motion that he was a member of this gang until 1999.  Nonetheless, the Court agrees with the Government that information as to Defendant's alleged membership in a street gang was provided as background information.  Thus, if the Court were to exclude the statement from the search warrant affidavit, there nonetheless remains probable cause for the search warrant.

Accordingly, the Court finds that the Defendant has failed to make a substantial preliminary showing that statements contained in the search warrant affidavit were knowingly and intentionally false.  The motion for a Franks hearing must be denied.

3.   Objection to Report and Recommendation dated August 25, 2006. [Docket No. 94]

The Defendant filed this objection to the Report and Recommendation which recommended denial of the Defendant's motion to suppress evidence obtained as a result of search and seizure.  The Defendant challenges the Magistrate Judge's finding that sufficient probable cause supported the search warrant.

The Court has conducted a *de novo* review and based on that review adopts the Report and Recommendation denying the motion to suppress.  The search warrant in this case is supported by sufficient probable cause.

4.   Motion to Dismiss for Speedy Trial Violations [Docket No. 86]

The Defendant was charged by Complaint for being a felon in possession of a firearm on April 19, 2006.  Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 et seq., an information or indictment must be filed within 30 days from the date of the defendant's arrest or served with a summons in connection with such charges. 18 U.S.C. §3161 (b).  On May 12, 2006, defense counsel sent the Government an email confirming that Defendant would waive his right to be indicted within 30 days.  Gov. Ex. 4.  The Government asserts such waiver was made to allow Defendant to cooperate.  Despite two attempts in May and June 2006, cooperation was not achieved and an Indictment was filed on June 13, 2006

charging Defendant with two counts: felon in possession of a firearm and possession with intent to distribute crack cocaine.

Defendant seeks dismissal of the Indictment as it was not filed within 30 days of his arrest or being served with the Complaint.  The Government concedes that a technical violation of the Speedy Trial Act occurred with regard to the felon in possession of a firearm charge, as that was the only violation charged in the Complaint, but asserts dismissal must be without prejudice.

In determining whether dismissal is with or without prejudice, the Court must consider "the seriousness of the offense of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of justice."  18 U.S.C. § 3162(a)(1).

The Court agrees that a violation of Section 3161(b) occurred when an information or indictment was not filed within 30 days from the date the Complaint was served.  As the Complaint only charged felon in possession of a firearm, the violation affects only that charge.  See United States v. Miller, 23 F.3d 194, 199 (8th Cir. 1994).  The Court further agrees that dismissal should be without prejudice.  The charge of felon in possession of a firearm is a serious offense, and it appears the delay was due to the Defendant's desire to reach a deal with the Government as evidenced by the e-mail exchanges between the Government and prior defense counsel.

The Defendant further asserts that another Speedy Trial Act violation occurred in this case because he was not tried within seventy days from the date the Indictment was filed. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act excludes time in calculating when a defendant must be tried. For example, time is excluded as a result of the filing of pre-trial motions, and time is excluded, not to exceed thirty days, while the motion is under advisement. 18 U.S.C. § 3161(h)(1)(F) and (J). In reviewing the docket in this case, the Court notes that many pre-trials motions have been filed throughout the time since the Indictment was filed. Due to the delays caused by the filings of these motions, the time excluded while the motions were under advisement, only 34 days are counted between June 13, 2006 and November 13, 2006. On November 13, 2006, the Defendant filed a waiver of speedy trial, then on December 12, 2006, he entered into plea of guilty. None of this time is counted. Defendant thereafter filed a number of motions, including a motion to withdraw his plea. While that motion was eventually granted, other pretrial motions remained under advisement. Accordingly, the Court finds no violation as to Section 3161(c)(1) of the Speedy Trial Act.

5. Motion for a Change of Venue [Docket No. 87]

Defendant seeks to remand this case to Hennepin County District Court on the basis that this Court does not have jurisdiction. Defendant asserts that he has

not committed an offense against the laws of the United States.  A similar motion, Docket 35, was addressed on the merits in the Report and Recommendation dated September 5, 2006.  The Court adopted the Report and Recommendation, as the Defendant did not file objections.  Defendant has also filed a separate objection to the Report and Recommendation dated September 5, 2006.

The Court has reviewed the Report and Recommendation *de novo* and based on that review adopts the Report and Recommendation denying the motion to dismiss based on lack of subject matter jurisdiction.

6.  Motion for Bill of Particulars [Docket No. 88]

Defendant moves for a bill of particulars for the benefit of his new counsel.  The purpose of a Bill of Particulars is to provide the Defendant notice of the charges sufficient to enable him to prepare his defense and to prevent surprise.  United States v. Shepard, 462 F.3d 847, 860 (8th Cir. 2006).  The Bill is not intended as a substitute for discovery, nor should it issue when the specifics requested are available elsewhere.  United States v. Finn, 919 F. Supp. 1305, 1325 (D. Minn. 1995).

The Court has reviewed the Indictment and finds it sufficiently informs the Defendant of the charges against him.  The Defendant has not made any showing to support the request for a Bill of Particulars.  Accordingly, the motion must be denied.

IT IS HEREBY ORDERED that:

1. Defendant's Motion for Ineffective Assistance of Counsel [Docket No. 83] is DENIED as moot.

2. Defendant's Motion for a Suppression/Franks Hearing [Docket No. 84] is DENIED.

3. Defendant's Objection to the Report and Recommendation dated August 25, 2006 [Docket No. 94] is overruled.

4. Defendant's Motion to Dismiss for Speedy Trial Act violation [Docket No. 86] is GRANTED in part and DENIED in part. Count Two of the Indictment charging felon in possession of a firearm is dismissed without prejudice.

5. Defendant's Motion for a Change of Venue [Docket No. 87] is DENIED.

6. Defendant's Motion for a Bill of Particulars [Docket No. 88] is DENIED.

Date: March 28, 2007

s / Michael J. Davis
Michael J. Davis
United States District Court