UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff/Respondent,

v.                                                                                    MEMORANDUM OPINION
                                                            AND ORDER

Malik Al-Mustafa El-Alamin,                                     Crim. No.  06-173
a/k/a Eric Britten,

      Defendant/Petitioner.

_____

      LeeAnn K. Bell, Assistant United States Attorney, Counsel for
Plaintiff/Respondent.

      Defendant/Petitioner, on his own behalf.

_____

      This matter is before the Court upon Petitioner's Motion to Vacate, Set

Aside or Correct his Sentence pursuant to 28 U.S.C.  § 2255.

**FACTUAL BACKGROUND**

      Petitioner was originally charged by complaint on April 19, 2006 for being

a felon in possession of a firearm.  Thereafter, Petitioner was indicted on June 13,

2006, on charges of possession with intent to distribute crack cocaine and being a

felon in possession of a firearm.  (Doc. No. 11.)  Petitioner filed a number of

pretrial motions, which were ultimately denied and the matter was set for trial on

December 12, 2006.  On the day trial was scheduled to begin, Petitioner entered a

plea of guilty to both counts of the Indictment.  No written plea agreement was

ever executed, and the Petitioner later moved to withdraw his plea, which

motion was denied.  (Doc. No. 85).  Petitioner's counsel was thereafter allowed to

withdraw, and new counsel was appointed to represent Petitioner.  Petitioner

then renewed his motion to withdraw his plea of guilty.  On March 16, 2007, the

Court allowed Petitioner to withdraw his plea of guilty and proceed to trial.

(Doc. No. 101)

Prior to trial, this Court granted Petitioner's motion to dismiss the

Indictment, in part, based on the fact that the Indictment had not issued within

thirty days after the complaint was filed that had charged him with being a felon

in possession of a firearm, in violation of the Speedy Trial Act.  The felon in

possession charge was dismissed without prejudice.  A Superseding Indictment

was then issued on April 11, 2007, again charging Petitioner with possession with

intent to distribute crack cocaine and felon in possession of a firearm.

Trial commenced on April 23, 2007 and on April 25, 2007, the jury returned

verdicts of guilty on both counts.  (Doc. No. 136.)  Prior to sentencing, Petitioner

was ordered to undergo a psychiatric and psychological examination to

determine whether Petitioner was in need of mental health treatment.  The Court

further ordered that the mental health facility to which Petitioner was

transported prepare a report to assist the Court in sentencing.  (Doc. 156.)

On November 28, 2007, Petitioner was sentenced to 262 months

imprisonment on count 1 and 120 months on count 2; such sentences to run

concurrently.  The applicable guideline range was determined to be 262-327

months, which was based on a total offense level of 34, and a criminal history

category of VI - Career Offender.

Petitioner timely appealed his conviction and sentence to the Eighth

Circuit Court of Appeals.  On appeal, Petitioner raised a number of issues

concerning his conviction: Speedy Trial violations; invalid search warrant and

denial of <u>Franks</u> hearing; whether Petitioner was entitled to a justification defense

as to the firearm charge; improper impeachment; whether Petitioner was entitled

to review the investigative file; improper jury instructions; and whether

Petitioner was entitled to judgment as a matter of law.  Petitioner also raised a

number of issues related to sentencing: whether the Court erred in sentencing

Petitioner as a career offender; and whether the Court failed to give appropriate

weight to his mental health and family history.  The Eighth Circuit rejected

Petitioner's arguments and affirmed his convictions and sentence.  United States

v. El-Alamin, 574 F.3d 915 (8th Cir. 2009).

Now before the Court is Petitioner's motion pursuant to 28 U.S.C. § 2255,

challenging his conviction and sentence, and requesting a new trial.

**STANDARD**

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . .

claiming the right to be released upon the ground that the sentence was imposed

in violation of the Constitution or laws of the United States, or that the court was

without jurisdiction to impose such sentence . . . may move the court which

imposed the sentence to vacate, set aside or correct the sentence."

Petitioner seeks to vacate, set aside or correct his sentence and/or a new

trial on a number of grounds.  Petitioner asserts his conviction was obtained: 1)

despite violations of the Speedy Trial Act; 2) through the use of perjured

testimony and police misconduct; and 3) in violation of his rights to due process

and a fair trial and his entitlement to a Franks hearing.  With respect to his

sentence, Petitioner argues; 1) he was erroneously determined to be a career

offender; 2) he was erroneously denied a reduction for acceptance of

responsibility; and 3) because the Court did not believe it had discretion to

sentence the Petitioner to a non-guideline sentence.

Many of these issues were raised on direct appeal.  "Issues raised and

decided on direct appeal cannot ordinarily be relitigated in a collateral

proceeding based on 28 U.S.C.  § 2255."  United States v. Wiley, 245 F.3d 750, 752

(8th Cir. 2001) (citing McGee, 201 F.3d 1022, 1012 (8th Cir. 2000)).  Absent any

new evidence or argument by which to demonstrate that the issues were decided

incorrectly, the claims must fail.

### 1.    Speedy Trial Act

Petitioner argues that the Indictment must be dismissed due to violations

under the Speedy Trial Act, such as whether counsel could waive Petitioner's

speedy trial rights without his knowledge, whether the Court erred in dismissing

the Indictment without prejudice, and whether the Court erred in its speedy trial

calculations.  These arguments were raised and rejected on appeal.  El-Alamin,

574 F.3d at 921-23.  Therefore, Petitioner is barred from relitigating them in this

collateral proceeding.

Petitioner nonetheless asserts that subsequent to the Eighth Circuit's

decision, the United States Supreme Court ruled that the filing of a pretrial

motion in a criminal proceeding does not automatically stop or toll the speedy

trial clock, citing to <u>Bloate v. United States</u>, ___ U.S. ___, 130 S.Ct. 1345 (2010).

Contrary to Petitioner's assertions, <u>Bloate</u> provides that the *preparation* of pretrial

motions is not automatically excluded.  <u>Id.</u> 130 S.Ct. at 1353.  The time between

the filing of a motion and its disposition still triggers the statutory exclusions set

forth in 18 U.S.C. § 3161 (h)(1)(D) and (H).  <u>Bloate</u> therefore, does not provide the

Petitioner grounds to relitigate his claims under the Speedy Trial Act.

    **2.**      **Due Process Violations**

Petitioner argues that he was denied due process when the Court failed to

advise him of the nature and cause of the accusations against him - specifically

that he should have been provided additional facts concerning the controlled buy

conducted within 72 hours prior to the execution of the search warrant.

Petitioner further argues he was denied due process when the Court refused his

request to review the investigative file to determine the identity of the

confidential informant.  It is Petitioner's position that Officer Radke included

false accusations in the search warrant affidavit.  Petitioner is thus challenging

the search warrant and the denial of a <u>Franks</u> hearing.  These issues were also

raised and rejected on appeal. <u>El-Alamin</u>, 574 F.3d at 923-24, 926-27.  Petitioner is

thus barred from relitigating such issues in this proceeding.

### 3.    Newly Discovered Evidence

Petitioner asserts he is entitled to habeas relief as one of the government's

witnesses, Officer Kurt Radke, perjured himself at trial by testifying as to the

existence of a C.I. file.  Petitioner asserts that when he attempted to obtain a copy

of this file in a later filed civil action against Radke, Radke's attorney,

Minneapolis Assistant City Attorney Sara J. Lathrop, stated in a letter that her

client did not have any information about confidential informants.  Petitioner

further asserts that Officer Radke testified falsely at the criminal trial when he

testified that he field tested the drugs purchased by the C.I., and later property

inventoried the drugs.

When perjured testimony is a ground for a 2255 motion, the petitioner

need only prove "any reasonable likelihood that the false testimony could have

affected the judgment of the jury."  English v. United States, 998 F.2d 609, 611

(8th Cir. 1993).  Petitioner must first, however, prove the testimony was perjured.

Id.  He must also prove that the prosecuting officers knew or should have known

of the perjury at the time the testimony was presented.  Id.

With regard to whether Radke falsely testified about the existence of the

C.I. file, the Court notes that it reviewed this file *in camera* during the trial, and

concluded, based on that review, that the file need not be turned over.  Thus,

there can be no question that such a file existed.  As to the drugs obtained in the

controlled buy, Petitioner's own exhibits demonstrate that such drugs were

properly inventoried, and that the drugs were inventoried at the same time as the

items seized during the execution of the search warrant.  See Petitioner Exs. 21

(controlled buy drugs) and 22 (items seized during search warrant).

Petitioner assumes that as the controlled buy preceded the search warrant,

it should have been inventoried prior to the items seized in the search warrant.

Officer Radke did not testify, however, that he did inventory the items prior to

the search warrant.  Because there is evidence that Officer Radke inventoried two

quantities of suspected crack cocaine on April 17, 2006 (Petitioner Ex. 21),

together with the items seized during the search warrant, which also included

quantities of suspected crack cocaine found on Petitioner's person (Petitioner Ex.

22), Petitioner has failed to demonstrate that Officer Radke provided false

testimony concerning the inventory of the drugs purchased during the controlled

buy.

Petitioner further argues that there is new evidence of a photocopy of the

alleged controlled buy funds totaling $260.00.  Petitioner was not given a copy of

this photocopy prior to or during trial.  On an Administrative Forfeiture Notice

given to Petitioner, there is a handwritten notation that the amount designated as

controlled buy funds was $420.  Petitioner further asserts that there is no

property or inventory reports that establish the chain of custody for the

controlled buy funds.  The government asserts that this discrepancy is

immaterial, because it is unclear what the handwritten notation meant.  For

example, the government asserts such notation could mean that of the $634

seized from Petitioner, law enforcement was given $420 to be used for future

controlled buys.  The government further asserts that any discrepancy as to the

amount of controlled buy funds, or the lack of evidence concerning the inventory

of such funds is immaterial as Petitioner was not charged for the controlled buy

sale.

   The applicable standard for newly discovered evidence, other than

perjured testimony, requires the Court to consider the following:

> (1) the evidence must have been discovered after the trial; (2) the failure to discover the evidence must not be attributable to a lack of diligence on the part of the petitioner; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and, (5) the evidence must be likely to produce an acquittal if a new trial is granted.

English, 998 F.2d at 611.

The Court agrees that new evidence as to the controlled buy funds is not material and would not likely produce an acquittal, given the fact that Petitioner was not charged with the drugs sold during the controlled buy. Accordingly, this argument is without merit.

Finally, Petitioner argues that newly discovered evidence concerning police misconduct warrants habeas relief. Petitioner asserts that through his civil action, he was able to obtain internal affairs documents relating to reprimands received by the officers involved in his criminal case, Kurt Radke, Elizabeth Dea and Jeffrey Miller. In support, Petitioner has submitted a "Summary of Public Data for Minneapolis Police Department Internal Affairs Unit" which lists certain allegations against Radke, Miller and Dea. (Petitioner Ex. 17.) This Summary shows that Miller was disciplined concerning "Responsibility of Supervisors" but shows that Dea and Radke were not disciplined as a result of the allegations asserted against them. Even if such evidence had been available at trial, it is impeachment evidence and would not likely result in an acquittal. Accordingly, such evidence is not grounds upon which to grant habeas relief.

### 4. Sentencing Issues

In this proceeding, Petitioner raises three issues concerning sentencing: whether the Court erred in classifying him as a career offender; whether he is entitled to a reduction for acceptance of responsibility; and whether the Court understood it had discretion to sentence the Petitioner to a non-guideline sentence.

### a. Career Offender Designation

Petitioner argues that his 1992 prior conviction for third degree assault is not a crime of violence as that term has been interpreted by the United States Supreme Court, relying on Johnson v. United States, 130 S.Ct. 1265 (2010). Petitioner thus argues that it was error for the Court to base a career offender designation on this prior conviction. Petitioner did not raise this argument on appeal. See El-Alamin, 547 F.3d at 927-28.[1] "Where a [petitioner] has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause

---

[1]Petitioner attempted to submit this argument to the Eighth Circuit Court of Appeals pursuant to Federal Rule of Appellate Procedure 28(j). This Rule is limited to allowing a party to submit additional authority after oral argument but before decision. It does not provide that a party may submit additional argument.

and actual prejudice, or that he is actually innocent." Bousley v. United States,

523 U.S. 614, 622  (1998) (internal quotations and citations omitted); Matthews v.

United States, 114 F.3d 112, 113 (8th Cir.  1997); Anderson v. United States, 25

F.3d 704, 706 (8th Cir.  1994) (finding that a motion under 28 U.S.C. § 2255 does

not substitute for a direct appeal).  Petitioner has not demonstrated cause or

prejudice for failing to properly raise this issue on appeal.   Thus, the Court

cannot excuse the procedural default on these bases.

Nonetheless, the argument has no merit as the 1992 conviction for third

degree assault requires that the Petitioner acted "with intent to cause fear in

another of immediate bodily harm or death; or the intentional infliction of or

attempt to inflict bodily harm upon another."  Minn. Stat. § 609.02, subd. 10

(definition of assault).  For purposes of the career offender designation, a crime of

violence is one which "has as an element the use, attempted use, or threatened

use of physical force against the person of another . . ."  U.S.S.G. § 4B1.2(a)(1).

Because a conviction for third degree assault includes as an element the use,

attempted use or threatened use of physical force against another, there was no

error in finding such prior conviction was a crime of violence for career offender

designation purposes.

### b.    Acceptance of Responsibility, Departure Authority

The remaining sentencing issues asserted herein, that the Court failed to reduce his total offense level for acceptance of responsibility, and whether the Court understood that it had the authority to depart from the guideline range, were not raised on appeal.  Petitioner has not demonstrated cause or prejudice for failing to properly raise these issues on appeal.  Thus, the Court cannot excuse the procedural default on these bases.

### 5.    Evidence Tampering

Petitioner further asserts that certain of the evidence admitted at trial was tampered with.  Officer Radke, in a supplemental report, stated that during the execution of the search warrant, suspected drugs were found on Petitioner's person.  (Petitioner Ex. 25.)  Officer Radke reported that he weighed and field tested these substances, and that the suspected crack cocaine tested positive for cocaine base and weighed 20 grams, and that the suspected cocaine tested positive and weighed 2 grams.  (Id.)  The chemist report submitted at trial, however, showed the cocaine base weighed 22.91 grams and the cocaine weighed 1.23 grams.  (Petitioner Ex. 26.)  Petitioner asserts that the discrepancies

concerning the weight of the drugs found on Petitioner's person demonstrated evidence tampering.

At trial, the chemist, Brenda Maldonado, was asked about the discrepancies between Radke's Report and the chemist report. Ms. Maldonado responded that the discrepancy could have resulted from something being added to the samples, or that the scale used by the officer was not accurately reading. (Petitioner Ex. 24 (Trial Transcript at 273).) Petitioner did not question Officer Radke about the discrepancy at trial. Instead, he now asserts that he should be given the opportunity to question the officer that transported the drugs to the chemist, Officer Storlie. This argument was not raised on appeal, and Petitioner has not demonstrated cause or prejudice for failing to properly raise these issues on appeal. Thus, the Court cannot excuse the procedural default on these bases and Petitioner is thus barred from asserting the argument at this time.

Nonetheless, the argument has no merit. Petitioner could have subpoenaed Officer Storlie at trial, but did not do so. Furthermore, the discrepancy between Radke's report and the chemist report was put before the jury, but he was nonetheless convicted.

**Motions to Supplement or Expand the Record**

In January 2011, Petitioner moved to supplement his § 2255 Petition by

adding claims that this Court lacked subject matter jurisdiction over the felon in

possession offense and that his trial and appellate counsel were ineffective

assistance of counsel claims based on Speedy Trial violations.  This Court denied

the motion to supplement by Order dated January 21, 2011. [Doc. No. 210].  By

motion dated March 7, 2011, Petitioner seeks reconsideration of the Court's

January 21, 2011 Order.  Petitioner also moved for Leave to Expand the Judicial

Record in which he asks the Court to take into consideration the procedural

history of this case, and that based on such history, he is entitled to a reduction

for acceptance of responsibility.  Petitioner also asks for an independent inquiry

into the evidence surrounding the controlled buy, based on the disbanding of the

Minnesota Gang Strike Force, and the allegations of perjury, mishandling of

evidence and seized money and other wrong doing by Strike Force members.

Petitioner has put forth no argument or law which warrant reconsideration

of the January 21, 2011 Order.  In addition, even if the Court were to grant the

motion to expand the judicial record, the motion has no merit.  At sentencing,

this Court was presented with and rejected Petitioner's argument that he was

entitled to a reduction for acceptance of responsibility.  Further, Petitioner has

not made any showing that the collapse of the Minnesota Gang Strike Force has

any connection to this case.  Accordingly, the motions will be denied.

**Conclusion**

The Court has thoroughly reviewed all the evidence submitted in support

of Petitioner's § 2255 Petition, and finds no basis upon which to grant the

requested relief.  Accordingly, the Court must dismiss the Petition.

**Certificate of Appealability**

An applicant for a writ of habeas corpus may not take an appeal unless a

judge issues a certificate of appealability under 28 U.S.C. § 2253(c); see also Fed.

R. App. P. 22.  In order for a certificate of appealability to issue, an applicant

must make a "substantial showing of the denial of a constitutional right." 28

U.S.C. §2253(c)(2).  "A substantial showing is a showing that issues are debatable

among reasonable jurists, a court could resolve the issues differently, or the

issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir.

1997).  Based on the files, records and proceedings herein, the Court finds no

basis upon which to grant Petitioner a certificate of appealability.

**IT IS HEREBY ORDERED** that:

1.    The Petition to Vacate, Correct or Set Aside Sentence [Doc. No. 197]

is DENIED.   The Court denies a certificate of appealability in this

case.

2.      Petitioner's Motion to Expand Record [Doc. No. 202] is GRANTED.

The Court has considered Petitioner's Affidavit and Exhibits in its

determination of the § 2255 Petition.

3.      Petitioner's Motion To Strike the Respondent's Answer [Doc. No.

212] is DENIED.

4.      Petitioner's Motion for an Evidentiary Hearing [Doc. No. 213] is

DENIED.

5.      Petitioner's Motion for Reconsideration [Doc. No. 215] is DENIED.

6.      Petitioner's Motion to Expand the Judicial Record [Doc. No. 216] is

DENIED.


Date:  May 16, 2011              s/ Michael J. Davis
                                 Michael J.  Davis
                                 Chief Judge
                                 United States District Court