UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.                                            ORDER

Malik Al-Mustafa El-Alamin,          Crim. No. 06-173

a/k/a Eric Britten,

    Defendant/Petitioner.

_____

    Defendant/Petitioner on his own behalf.

_____

This matter is before the Court on Petitioner's Pro Se Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e) and the Pro Se Motion to Amend the § 2255 Petition.

A motion under Rule 59(e) serves the limited purpose of correcting manifest errors of law or fact or to present newly discovered evidence. <u>Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of The Black Hills</u>, 141 F.3d 1284 1286 (8th Cir. 1998). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." <u>Id.</u> (citations omitted).

Petitioner argues that this Court erred in upholding his Career Offender designation. Petitioner again argues that his prior conviction under Minn. Stat. § 609.223, subd. 2 past pattern of child abuse, does not have as an element the use, attempted use or threatened use of physical force against another. Minn. Stat. § 609.223, subd. 2 provides: "Whoever assaults a minor may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both, if the perpetrator has engaged in a past pattern of child abuse against the minor. . . " Clearly, assaulting a minor has as an element, the use, attempted use or threatened use of physical force against another person. See Minn. Stat. § 609.02, subd. 10 (definition of assault).

Petitioner further argues this Court erred in not preserving the investigative file for appellate review. Petitioner has not presented any new law which demonstrates that the Court's failure to preserve the investigative file was a manifest error of law.

Finally, after this Court denied the petition for habeas relief under § 2255, the Clerk's Office received and docketed Petitioner's motion to amend his § 2255. As the Court had already ruled on the merits of the § 2255 petition, the motion to amend such petition is moot.

IT IS HEREBY ORDERED that Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) [Doc. No. 223] is DENIED. The Motion to Amend the § 2255 Petition [Doc. No. 218] is dismissed as moot.

Date:   July 22, 2011

                                         s/ Michael J. Davis
                                         Michael J. Davis
                                         Chief Judge
                                         United States District Court