UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.

Malik Al-Mustafa El-Alamin,
a/k/a Eric Britten,

    Defendant/Petitioner.

ORDER

Crim. No. 06-173 (MJD)

_____

    LeeAnn K. Bell, Assistant United States Attorney, Counsel for Plaintiff/Respondent.

    Defendant/Petitioner on his own behalf.

_____

    This matter is before the Court on Petitioner's Pro Se Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60 (b)(2).

    Rule 60 (b)(2) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

In his § 2255 Petition, Petitioner argued that his 1992 prior conviction for third degree assault is not a crime of violence as that term has been interpreted by the United States Supreme Court, relying on <u>Johnson v. United States</u>, 130 S.Ct. 1265 (2010). This Court held that Petitioner did not raise this argument on appeal, therefore he had procedurally defaulted on this claim. The Court nonetheless addressed the merits of the claim, and determined that a conviction for third degree assault qualifies as a crime of violence, because an element of this offense is the use, attempted use or threatened use of physical force against another person.

In a motion to amend this judgment pursuant to Federal Rules of Civil Procedure 59(e), Petitioner again argued that this Court erred in designating him a Career Offender, because his 1992 prior conviction was pursuant to Minn. Stat. § 609.223, subd. 2 - past pattern of child abuse. The motion was denied, because a conviction under this subdivision nonetheless has as an element the use, attempted use or threatened use of physical force against another.

Petitioner now argues that his prior conviction was not under Minn. Stat. § 609.223, subd. 2 - which addresses a past pattern of child abuse. In support, he has submitted police reports to demonstrate that the victim was an adult.

(Petitioner Exs. 1-3.)

The Court finds that this argument was not raised on appeal, therefore he is procedurally barred from raising it at this time, unless he can show cause for failing to raise the claim on appeal and actual prejudice.  <u>Lindsey v. United States</u>, 615 F.3d 998, 1000 (8th Cir. 2010).  Petitioner has made no showing as to cause or prejudice.

Again, even if the Court were to address the claim on its merits, Petitioner would not be entitled to relief, as the police reports he submitted demonstrate the prior conviction qualifies as a crime of violence, because it involved an assault on another individual.

IT IS HEREBY ORDERED that Petitioner's Motion for Relief From Judgment [Doc. No. 245] is DENIED.

Date:   July 13, 2012

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court
