UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.

Malik Al-Mustafa El-Alamin,
a/k/a Eric Britten,

    Defendant/Petitioner

**ORDER**

Crim. No. 06-173 (MJD)

---

    LeeAnn K. Bell, Assistant United States Attorney, Counsel for Plaintiff/Respondent.

    Defendant/Petitioner on his own behalf.

---

    This matter is before the Court on Petitioner's Pro Se Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b).

    Rule 60(b) provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

1

This is Petitioner's second motion pursuant to Rule 60 of the Federal Rules of Civil Procedure. In his first motion, Petitioner claimed that his 1992 prior conviction for third degree assault did not qualify as a crime of violence for purposes of determining Career Offender status. This Court found that Petitioner's motion was procedurally barred, and even if it were addressed on its merits, he would not be entitled to relief.

Petitioner now argues that his 1992 prior conviction for third degree assault was incorrectly assigned criminal history points, and therefore, he was not a Career Offender. In support, Petitioner notes that the third degree assault conviction was consolidated at sentencing with a 1993 attempted third degree possession offense, with each sentence running concurrently. Because he was sentenced for the two convictions on the same day, it is his position that the underlying offenses are related.

Petitioner argues that U.S.S.G. § 4A1.2(a)(2) governs how the Court should weigh the convictions at issue. This section provides that, when computing criminal history, the Court shall "[u]se the longest sentence of imprisonment if concurrent sentences were imposed" in related cases. Because his third degree possession conviction received the longest sentence, Petitioner argues that this

offense supersedes the third degree assault conviction for the purpose of assessing Career Offender status under U.S.S.G. § 4B1.1.

Petitioner further notes that his 1993 third degree possession conviction did not involve possession "with intent to manufacture, import, export, distribute, or dispense" a controlled substance, as required by U.S.S.G. § 4B1.2(2). Petitioner therefore argues that this conviction does not constitute a predicate offense, and his Career Offender designation was misguided.

Lastly, Petitioner argues that because no intervening arrest occurred between the assault and possession offenses, they must be treated as related for purposes of determining Career Offender status.

The Court finds that these arguments were not raised on appeal; therefore, Petitioner is procedurally barred from raising them at this time, unless he can show cause for failing to raise the claims on appeal and actual prejudice. Lindsey v. United States, 615 F.3d 998, 1000 (8th Cir. 2010). Petitioner has demonstrated neither cause nor prejudice.

Petitioner attempts to avoid the procedural bar by arguing that the Court is not barred from addressing a plain error in sentencing, relying on United States v. Daily, 703 F.3d 451 (8th Cir. 2013). The Court finds that Daily has no

application here, as that decision addresses the Court's authority to raise, *sua sponte*, a plain error as to sentencing.

Petitioner argues that as he was sentenced for the third degree assault conviction and the attempted third degree possession conviction on the same day, they should be considered related cases under the Sentencing Guidelines. Petitioner further asserts that these prior convictions are related because there is no evidence that the arrests for these convictions are separated by a third, intervening arrest. On this issue, application note 3 in the commentary to U.S.S.G. § 4A1.2 is dispositive. Note 3 provides that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, **the defendant is arrested for the first offense prior to committing the second offense**)." (emphasis added). Here, Petitioner's third degree assault conviction arose from an arrest on August 17, 1992. His third degree drug possession conviction arose from an arrest on April 25, 1993. Therefore, although Petitioner was sentenced for both offenses on the same day[1], they are unrelated as that term is defined in the Sentencing Guidelines.

---

[1] Petitioner was originally sentenced on the third degree assault conviction on November 19, 1992 to fifteen months stayed for five years, and ordered to serve six months. Because he was on probation when he was arrested on the third degree possession charge, his probation was revoked and the fifteen month sentence imposed.

4

Accordingly, Petitioner's third degree assault conviction was properly determined to be a predicate offense and he was not erroneously sentenced as a Career Offender.

Again, the Court finds that Petitioner is procedurally barred from raising the arguments contained in this motion. However, even if the Court were to address the Petitioner's arguments on the merits, he would not be entitled to relief.

IT IS HEREBY ORDERED that Petitioner's Motion for Relief from Judgment [Doc. No. 254] is DENIED.


Date: July 13, 2013                     s/ Michael J. Davis
                                                                Michael J. Davis
                                                                Chief Judge
                                                                United States District Court