UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.                                     **MEMORANDUM OF LAW & ORDER**
                                        Crim. No. 06-173 (MJD)

Malik Al-Mustafa El-Alamin,
a/k/a Eric Britten,

    Defendant/Petitioner.
_____

    LeeAnn K. Bell, Assistant United States Attorney, Counsel for Plaintiff/Respondent.

    Defendant/Petitioner on his own behalf.
_____

This matter is before the Court on Petitioner's Pro Se Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b).

**I.   Background**

Petitioner filed a Freedom of Information Act ("FOIA") request on or about June 27, 2014, seeking any and all information held by the United States Attorney's Office that related to Petitioner's case. On October 11, 2014, Petitioner received a response to the FOIA request, and this response included an email

between Assistant United States Attorney, LeeAnn Bell, and Petitioner's former defense counsel, Tom Shiah. The contents of the email delineated the terms of a proposed plea agreement offered from United States Attorney's Office with an expiration date of March 2, 2007. (Pet. Ex. 3.)

Petitioner asserts that the terms of the plea offer described in this email were different from the plea agreement previously offered Petitioner, and that Shiah did not inform him of the new offer. Petitioner asserts that had he known of the new plea offer, he would have agreed to the offered terms, and therefore, it is likely that he would have been sentenced to 188 months or less—rather than the 262 month sentence that was imposed.

Petitioner moves for relief pursuant to Rule 60(b), which provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:…(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

## II.     Discussion

The law is clear that Petitioner "may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).  Section 2255 provides that prior to filing a successive petition for relief, the petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2255 (h).

The Court finds that the motion before it is a successive petition under § 2255.  *See United States v. Echerival*, 500 F. App'x 568 (8th Cir. 2012 ) (district court construed claim for relief, which sought retroactive application *of Missouri v. Frye*, ⸺ U.S. ⸺, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, ⸺ U.S. ⸺, 132 S.Ct. 1376 (2012) in which the Supreme Court acknowledged that defendants have a constitutional right to effective assistance of counsel that extends to the plea-bargaining process, as a successive § 2255 motion that required precertification from the court of appeals).  Petitioner did not move in the appropriate court of appeals for an order authorizing the district court to

3

consider his motion.  As a result, dismissal of the motion is appropriate.  *See Echerival, supra*; *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).

IT IS HEREBY ORDERED that Petitioner's Motion for Relief from Judgment [Doc. No. 270] is DENIED.

Date:   March 5, 2015

                                              s/ Michael J. Davis
                                              Michael J. Davis
                                              Chief Judge
                                              United States District Court