# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                  **MEMORANDUM OF LAW & ORDER**
                          Criminal File No. 6-173 (MJD/SRN)

(1) MALIK AL MUSTAFA EL-ALAMIN,

      Defendant.

Malik Al Mustafa El-Alamin, pro se.

## I. INTRODUCTION

This matter is before the Court on Defendant Malik Al Mustafa El-Alamin's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Docket No. 278]

## II. BACKGROUND

On April 25, 2007, a jury found Defendant guilty of Count 1, possession with intent to distribute crack cocaine, and Count 2, felon in possession of a firearm. [Docket No. 136]

On November 28, 2007, the Court sentenced Defendant to 262 months in prison. [Docket Nos. 162, 163] Defendant's conviction and sentence were affirmed on appeal. See United States v. El-Alamin, 574 F.3d 915 (8th Cir. 2009).

On May 31, 2016, Defendant filed the instant motion for relief pursuant to 28 U.S.C. § 2255, on the grounds that he was improperly sentenced as a career offender under Johnson v. United States, 135 S. Ct. 2551 (2015), and that Johnson is retroactive, see Welch v. United States, 136 S. Ct. 1257, 1268 (2016). [Docket No. 278]

### III. DISCUSSION

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted).  A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).

Section 2255(h) provides that a petitioner must obtain certification from the appropriate court of appeals before filing a second or successive motion.  Defendant filed a previous § 2255 petition on December 7, 2010 [Docket No. 197], which was denied on May 16, 2011 [Docket No. 220]; and a successive § 2255 petition on December 3, 2014 [Docket No. 270], which was denied on March 5, 2015 [Docket No. 275].  Thus, Defendant must obtain authorization from the Eighth Circuit prior to filing the instant § 2255 motion with this Court.  28 U.S.C. § 2255(h).  Defendant has not received such authorization.  Accordingly, the instant motion must be dismissed for lack of jurisdiction.  See, e.g., Boykin v. United States, 242 F.3d 373, 2000 WL 1610732, at *1 (8th Cir. 2000).

## IV.   CERTIFICATE OF APPEALABILITY

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling."  Slack

v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decision on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Defendant Malik Al Mustafa El-Alamin's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Docket No. 278] is **DENIED**.

2. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: June 2, 2016              s/ Michael J. Davis
                                 Michael J. Davis
                                 United States District Court