UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Malik Al-Mustafa El-Alamin,
a/k/a Eric Britten,

    Defendant.

**ORDER**

Crim. No. 06-173 (MJD)

---

    LeeAnn K. Bell, Assistant United States Attorney, Counsel for Plaintiff.

    Defendant on his own behalf.

---

This matter is before the Court on the Defendant's *pro se* motion for modification of sentence pursuant to 18 U.S.C. § 3582(c) (2).[1]

The Defendant seeks a sentence reduction based on Amendment 798 to the United States Sentencing Guidelines. Amendment 798 amended the definition of "crime of violence" by striking the residual clause in §4B1.2 (a) (2) and adding to the list of enumerated crimes. It is Defendant's position that he is entitled to a modification of his sentence because he no longer qualifies as a Career Offender

---

[1] The Defendant was convicted by a jury of possession with intent to distribute cocaine base and felon in possession of a firearm. He was sentenced to a term of 262 months on November 28, 2007.

1

pursuant to Amendment 798 because his prior conviction for third degree assault had previously been deemed a crime of violence by reference to the residual clause.  Because that clause has been stricken, he claims there is no longer a basis upon which to find the prior conviction for third degree assault a crime of violence for purposes of the Career Offender designation.

The Court finds that the Defendant has not presented a cognizable claim as the United States Sentencing Commission did not make Amendment 798 retroactive.  See U.S.S.G. § 1B10(a) and (d); see also United States v. Strevig, No. 15-15706, 2016 WL 6406597  at *3 (11th Cir. Oct. 31, 2016) (noting that the Sentencing Commission has not made Amendment 798 retroactive to individuals sentenced prior to the effective date of the amendment). [2]

IT IS HEREBY ORDERED that the Defendant's *Pro* Se Motion for Sentence Modification Pursuant to 18 U.S.C. § 358 (c) (2) [Doc. No. 287] is DENIED.

Date:   January 3, 2017                                              s/ Michael J. Davis
                                                                                   Michael J. Davis
                                                                                   United States District Court

---

[2] The Court further notes that on June 27, 2016 the Defendant filed a Petition for Relief under §2255 in which he argues that he should no longer be designated a Career Offender pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015).  The Defendant also filed a petition for Leave to File a Successive §2255 with the Eighth Circuit Court of Appeals.  Both petitions remain pending.