UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.                                   **MEMORANDUM OPINION AND ORDER**
                                      Crim. No. 06-173 (MJD)

Malik Al Mustafa El-Alamin,

      Defendant.

---

      Michael L. Cheever, Assistant United States Attorney, Counsel for Plaintiff.

      Robert Meyers, Assistant Federal Defender, Counsel for Defendant.

---

This matter is before the Court on Defendant's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) and Section 404 of the First Step Act. The government agrees that Defendant is eligible for relief under the First Step Act but disagrees as to what is an appropriate sentence.

**I.      Background**

On April 25, 2007, a jury returned verdicts of guilty on one count of possession with intent to distribute crack cocaine and one count of felon in possession of a firearm. (Doc. No. 136.) On November 28, 2007, Defendant was

1

sentenced to 262 months imprisonment on Count 1 and 120 months on Count 2 to be served concurrently. Defendant was also sentenced to a term of supervised release of five years on Count 1 and three years on Count 2, to be served concurrently. The applicable guideline range was determined to be 262-327 months, which was based on a total offense level of 34 and a criminal history category of VI - Career Offender.

## II.     Motion to Reduce Sentence

Pursuant to Section 404 of the First Step Act "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if section 2 and 3 of the Fair Sentencing Act of 2010 [] were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194 (2018). A covered offense is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 [] that was committed before August 3, 2010." Id. The First Step Act is limited to those otherwise eligible defendants whose sentence was not previously imposed or reduced in accordance with sections 2 or

3 of the Fair Sentencing Act of 2010 or if a previous motion to reduce under the First Step Act was denied.  Id.

The Fair Sentencing Act of 2010 ("FSA") reduced the mandatory minimum penalties for offenses involving cocaine base by raising the drug quantity thresholds required to trigger a mandatory minimum term of imprisonment.

In this case, Defendant was held responsible for approximately 23 grams of cocaine base.  Applying the provisions of the FSA, his controlled substance conviction is no longer subject to a statutory mandatory minimum sentence and the maximum sentence is 20 years.  Because Defendant is a Career Offender as defined in the Sentencing Guidelines, and because the statutory maximum sentence for the crime of conviction is now twenty years, § 4B1.1(b)(1) sets the base offense level at 32.  With a criminal history category VI, the applicable guideline range is 210 to 240 months (statutory maximum), and the guideline range for supervised release is three years.

The parties agree, and the Court so finds, that Defendant is entitled to a sentence reduction.

The government argues that 240 months is an appropriate sentence in this case rather than 210 months, which is the bottom of the new applicable guideline

range. The government asserts that during the time he has been serving his sentence, Defendant has been disciplined many times. In 2012, Defendant attacked another inmate with a 7-inch shank, stabbing him three times: once in the neck, shoulder and the forearm. (Gov't Exs. 1-3.) Based on this conduct, the Bureau of Prisons ("BOP") took away 82 days of good conduct credit. Defendant was also charged by federal indictment in the Central District of Illinois with possessing a prohibited object while in prison. He pleaded guilty and was sentenced to 27 months to be served consecutive to his current sentence. In addition, in 2018 alone, Defendant has been sanctioned for possessing a dangerous weapon, assaulting another person and for possessing heroin. (Doc. No. 306.)

Defendant argues that a sentence of 210 is appropriate. He asserts that at sentencing, the Court noted the drug amount involved in the case was not substantial and did not call for a huge sentence. (Doc. No. 177 (Sentencing Tr. at 41).) The Court further expressed "I only wish that you had taken the plea negotiation and we had preserved your rights to appeal." (Id.) The plea negotiation was 188 months.

Defendant further argues a sentence of 210 months is a proportionate sentence, as the Court imposed a sentence at the bottom of the original guideline range.  Such a sentence is warranted for the additional reasons that Defendant has engaged in a lot of prison programming, including the Challenge Program and RDAP, and he has taken many educational and vocational courses.  Defendant has also held a number of jobs while incarcerated, including UNICOR, labor pool, unit tutor and education worker, food service, corridor orderly and education library orderly.  He admits he has had a lot of disciplinary incidents but argues that he has already been punished for those incidents by loss of good time and because he was charged and sentenced to a 27-month term to be served consecutive to this case.

Because the statutory range is significantly lower - from 5 to 40 years to 0 to 20 years - and the guideline range is lowered, the Court has significantly more power in sentencing than it did in November 2007 when Defendant was originally sentenced.  Defendant further argues that when he is released from prison, he will be at least 50 years old, an age where he statistically is less likely to commit new crimes.

Once the Court determines whether a defendant is eligible for a sentence reduction under the First Step Act, the Court must, in its discretion, determine whether to grant a reduction. United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019). The Court will grant the motion, as his current sentence exceeds the now applicable statutory maximum sentence of 20 years.

Defendant requests the Court to resentence him to 210 months, and if the Court is not inclined to do so, that the Court set the matter on for hearing. The Eighth Circuit has held, however, that the First Step Act does not require the Court to hold a hearing when considering § 404 motions. McDonald, 944 F.3d at 772. The Court has before it a sufficient record to impose sentence in this case without a hearing. Based on that record, and Defendant's poor disciplinary history while in custody, the Court finds that a sentence of 220 months is an appropriate sentence.

IT IS HEREBY ORDERED that:

1. Defendant's Motion to Reduce Sentence [Doc. No. 307] is **GRANTED;**

2. Defendant's sentence of imprisonment as to Count 1 is reduced from 262 months to 220 months. The term of supervised release on Count 1 is reduced from five years to three years; and

3. All other terms and conditions of this Court's original sentence shall remain in full force and effect.

Dated:  May 6, 2020                                   s/ Michael J. Davis
                                                               Michael J. Davis
                                                               United States District Court