UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                               **MEMORANDUM OPINION
                                     AND ORDER**
                               Crim. No. 06-173 (01) (MJD)

Malik Al Mustafa El-Alamin,

    Defendant.

_____

    LeeAnn Bell, Assistant United States Attorney, Counsel for Plaintiff.

    Defendant, *Pro Se*.

_____

This matter is before the Court on Defendant's Motions for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. Nos. 317 and 319]

## I.    Background

A jury found Defendant guilty on one count of possession with intent to distribute cocaine base and one count of felon in possession of a firearm. On November 28, 2007, the Court sentenced Defendant to 262 months imprisonment on the drug count, and 120 months on the firearm count, to be served concurrently. On May 6, 2020, Defendant's sentence was reduced to 220 months under the First Step Act. He is scheduled to be released on December 6, 2024.

## II. Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. Section 1B1.13,[1] which provides when deciding a motion

---

[1] At this time, U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act. Regardless, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A). See e.g., United States v. Warren, 456 F. Supp.3d 1083, 1085-1086 (D. Minn. 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement.  U.S.S.G. § 1B1.13.  This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

Defendant asserts he submitted a request for compassionate release based on his concerns about the COVID-19 pandemic to the Warden on July 2, 2020, and that 30 days have passed with the Warden failing to respond.  He thus argues that he has exhausted his administrative remedies.  The government

notes that Defendant has not submitted any documentation to support the assertion that he made such a request to the Warden. The Court will find, however, that Defendant has exhausted his administrative remedies and will proceed to address the merits of his motion.

Defendant's motion is based on his concerns that if he is exposed to COVID-19, his health conditions, which include moderate sciatica, asthma, degenerative disc disease, bi-lateral carpal tunnel, hypertension, PSTD, obesity and prediabetes, increase his risk of serious health complications if he becomes infected with COVID-19. Defendant further asserts that he has a release plan in place, residing with a brother in Eden Prairie[2].

Based on the record before it, the Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to medical conditions that warrants relief. While Defendant is subject to an increased risk of serious health complications if he becomes infected with COVID-19 due to his obesity, his other medical conditions do not pose the same risks. The CDC has identified asthma and hypertension as only possible risk factors, and his other medical conditions have not been identified by the CDC as possible risk factors. The Court further

---

[2] The U.S. Probation Office was not able to verify that Defendant would reside with his brother, so there is no approved release plan in place at this time.

finds that the record demonstrates that Defendant is receiving appropriate medical attention for all his stated medical conditions. (Doc. No. 324, Gov't Ex. 2.)

Further, the BOP has in place protocols such as social distancing, hygienic and cleaning protocols and quarantining and treatment of inmates with symptoms of COVID-19 and those who come into contact with them. See www.bop.gov/coronavirus/index.jsp. At this time, the facility at which Defendant is housed, Springfield MCFP, reports there are three active cases involving a prisoner, eighteen involving staff, eighteen prisoner deaths, 390 prisoners have recovered and 213 staff have recovered. Id.

More importantly, the Court finds that a sentence reduction in this case is not warranted as Defendant poses a danger to the community. Defendant was convicted of a drug distribution and firearms crimes, which put the community at risk. See United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1991) (recognizing that large scale drug trafficking is a serious danger to the community).

In addition, Defendant has an extensive criminal history, and continued to commit crimes while incarcerated. In 1998 while serving a state sentence, he took another inmate hostage. In 2012, while serving his sentence in this case,

Defendant stabbed another inmate three times with a 7 inch shank – in the neck, shoulder and forearm.  He later pleaded guilty to the charge of possessing a prohibited object and was sentenced to 27 months, to be served consecutive to the sentence imposed in this case.

Defendant has also been disciplined multiple times during his incarceration, for conduct including possessing a dangerous weapon, threatening bodily harm, tattooing or self-mutilation, attempted killing, refusing to obey an order, possessing a hazardous tool, assault without serious injury, possession of drugs/alcohol, failure to follow safety rules, refusing a drug test, possessing an unauthorized item, being in an unauthorized area and phone abuse.  (Doc. No. 322, Gov't Ex. 1.)

Further, a sentence reduction in this case would be contrary to the factors set forth in 18 U.S.C. § 3553(a).  A sentence reduction would not reflect the seriousness of the offenses of conviction, afford adequate deterrence to criminal conduct, promote respect for the law or provide a just punishment.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motions For Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. Nos. 317 and 319] are **DENIED**.

Date: February 10, 2021

                                              s/ Michael J. Davis
                                              Michael J. Davis
                                              United States District Court