UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Malik Al Mustafa El-Alamin,

    Defendant.

MEMORANDUM OPINION
AND ORDER
Crim. No. 06-173 (01) (MJD)

_____

LeeAnn Bell, Assistant United States Attorney, Counsel for Plaintiff.

Defendant, *Pro Se*.

_____

This matter is before the Court on Defendant's Motions for Relief from Judgment and to Supplement His Second Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. Nos. 333 and 335]

**I.**    **Background**

A jury found Defendant guilty on one count of possession with intent to distribute cocaine base and one count of felon in possession of a firearm. On November 28, 2007, the Court sentenced Defendant to 262 months imprisonment on the drug count, and 120 months on the firearm count, to be served concurrently. On May 6, 2020, Defendant's sentence was reduced to 220 months

1

under the First Step Act. He is currently incarcerated at Springfield MCFP and is scheduled to be released on February 5, 2025.

In December 2020, Defendant moved for compassionate release from custody pursuant to Section 3582(c)(1)(A)(i). By Order dated February 20, 2021, this Court denied Defendant's motion on a number of bases. (Doc. No. 327.) The Court first found that Defendant had failed to demonstrate there were extraordinary and compelling reasons due to medical conditions that warranted relief. The Court further acknowledged the protocols enacted by the BOP to limit the transmission of COVID-19 in the prison system. Finally, the Court held that a sentence reduction was not warranted as Defendant poses a danger to the community if released. (Id. at 5.) This finding was based on the Defendant's criminal history of distributing controlled substances, that he continued to commit crimes while incarcerated – citing to a 2012 conviction for stabbing another inmate three times with a 7 inch shank - and his prison disciplinary history that includes "possessing a dangerous weapon, threatening bodily harm, tattooing or self-mutilation, attempted killing, refusing to obey an order, possessing a hazardous tool, assault without serious injury, possession of

drugs/alcohol, failure to follow safety rules, refusing a drug test, possessing an unauthorized item, being in an unauthorized area and phone abuse." (Id. at 6.)

The Eighth Circuit Court of Appeals summarily affirmed this Court's Order on March 23, 2021. (Doc. No. 331.)

## II.  Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. Section 1B1.13,[1] which provides when deciding a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement.  U.S.S.G. § 1B1.13.

Defendant asserts that he seeks reconsideration of the Court's Order denying his motion for compassionate release based on a change in circumstances.  He asserts that BOP and the World Health Organization have failed to efficiently prevent the spread of the COVID-19 delta variant, and that he is at risk if he is exposed to this variant given his health conditions, which include moderate sciatica, asthma, degenerative disc disease, bi-lateral carpal

---

[1] At this time, U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act.  Regardless, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A).  See e.g., United States v. Warren, 456 F. Supp.3d 1083, 1085-1086 (D. Minn. 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

tunnel, hypertension, PTSD and depression, sleep apnea, obesity and prediabetes, increase his risk of serious health complications if he becomes infected with COVID-19.  He further claims he suffers from a torn tendon in his shoulder, and that medical staff performed the wrong surgery – rotator cuff repair rather than a tendon transfer – and that the injury is now permanent.  Finally, he claims he was wrongfully restrained for being on a hunger strike, and that he suffers permanent scarring.  He questions whether he is receiving adequate care from prison medical staff.

Defendant further asserts that he has a release plan in place: residing with a brother and niece in Apple Valley, Minnesota.

The government opposes the motion.  To the extent that Defendant seeks reconsideration of the Court's February 20, 2021 Order, that Order has been affirmed by the Eighth Circuit and this Court does not have jurisdiction to revise its prior Order.  The government further argues that if the Court construes Defendant's motion as a new motion for compassionate release, the Court should deny the motion without prejudice as Defendant has failed to exhaust his administrative remedies.

The Court agrees that because the Eighth Circuit affirmed the Court's February 20, 2021 Order, Defendant cannot now seek reconsideration of that Order.  Defendant's motion will therefore be construed as a second motion for compassionate release.  As such, Defendant must demonstrate that he has exhausted his administrative remedies.  In his submissions to the Court, Defendant does not claim that he submitted a new request to the Warden for compassionate release based on his claimed change in circumstances – specifically the COVID-19 delta variant and additional medical conditions.  Accordingly, Defendant has not demonstrated that he has exhausted his administrative remedies with respect to his second motion for compassionate release.

Nonetheless, it is clear there is no merit to Defendant's claims.  As to his medical conditions, the only new condition mentioned is sleep apnea, but his medical records only indicate that he agreed to participate in a formal sleep study, not that he has been diagnosed with sleep apnea.  (See Gov't Ex. 1 at 100-01, 143.)  All other medical issues were considered by the Court when determining his first motion for compassionate release and the Court continues to find such medical issues do not present extraordinary and compelling reasons

justifying his release or that he is not receiving adequate medical care.  In addition, the facility in which he is housed, Springfield MCFP, currently has no pending COVID-19 cases among prisoners or staff.  See www.bop.gov/coronavirus/index.jsp.

Most importantly, the medical records show that Defendant was offered the Moderna COVID-19 vaccine on February 25, 2021, and he refused it.  (Id. at 382.[2])  A "prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release.  The risk is self-incurred."  United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021).

Finally, Defendant has failed to demonstrate to this Court that he no longer poses a danger to the community, or that a sentence reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a).  Accordingly,

IT IS HEREBY ORDERED that Defendant's Motions for Relief from Judgment and to Supplement His Second Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. Nos. 333 and 335] are **DENIED**.

Date:  November 19, 2021              s/Michael J. Davis
                                     Michael J. Davis
                                     United States District Court

---

[2] This same medical record reveals that Defendant received a flu shot in October 2020.